UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mahmoud M. Soltan and Siri L. Soltan,    Civil No. 09-478 (JRT/FLN)

    Plaintiffs,

v.    **REPORT AND RECOMMENDATION**

Kathryn A. Coburn, *et al.*,

    Defendants.

---

Mahmoud M. Soltan and Siri L. Soltan, *pro se*, for Plaintiffs.
Steven R. Little for Defendants Kathryn A. Coburn and Mac G. Brettingen.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 15, 2009, on Plaintiff's Motion for Summary Judgment [#6] and Defendants' Motion to Dismiss [#11].[1] The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's Motion for Summary Judgment [#6] be denied and Defendants' Motion to Dismiss [#11] be granted.

### I.    FINDINGS OF FACT

Plaintiffs, who are proceeding *pro se* in this matter, filed a Complaint on February 26, 2009, alleging that Defendants Kathryn A. Coburn and Mac G. Brettingen are unlawfully occupying property to which Plaintiffs have legal title. *(See generally*, Complaint.) Plaintiffs are the former residents of the property at issue, which is located at 228 Greenhill Lane in Long Lake, Minnesota.

---

[1] Plaintiff's responsive memorandum to Defendants' Motion to Dismiss was styled "Motion in Opposition to Kathryn A. Coburn's and Mac G. Brettingen's Motion to Dismiss [#20]." For purposes of this Report and Recommendation, the Court construes Plaintiffs' filing (Doc. No. 20) as a memorandum in opposition to the Defendants' Motion to Dismiss.

(Compl. at ¶ 3.) Plaintiffs allege that Defendant Gallop Solutions, Inc. sold the property to Defendants Coburn and Brettingen without proper "chain of title." (Compl. at ¶ 4.) Plaintiffs currently reside at 9650 Waterstone Place, #314B in Minnetonka, Minnesota. (Compl. at ¶ 1.) Although Plaintiffs argue that this Court has subject-matter jurisdiction over this case under both federal question and diversity jurisdiction, the Complaint makes no claims under federal law. (Compl. at ¶ 3; Doc. No. 20 at 5-6.) Further, Plaintiffs themselves allege that Plaintiffs and Defendants Coburn and Brettingen are all residents of Minnesota. (Compl. at ¶ 2-3.)

## II.    STANDARD OF REVIEW

It is the duty of a federal district court to dismiss an action whenever court is satisfied that a controversy within its jurisdiction is not involved. *Jackson v. Kuhn*, 254 F. 2d 555, 559 (8th Cir. 1958). Jurisdiction is a threshold issue, and the court relies on the complaint to "say enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear." *Hammes v. AAMCO Transmissions, Inc.*, 33 F. 3d 774, 778 (7th Cir. 1994). Pursuant to Article III, Section 2 of the United States Constitution, there are two major types of federal jurisdiction: (1) federal question jurisdiction (the power to hear cases that arise under the federal laws or the United States Constitution); and (2) diversity jurisdiction (the authority to hear cases involving parties from different states). 28 U.S.C. §§ 1331-1332. A case arises under federal law, establishing federal question jurisdiction, either when federal law creates the cause of action or when the vindication of a right under state law necessarily turns on some substantial question of federal law. 28 U.S.C. § 1331; *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see Berger Levee Dist. v. United States*, 128 F.3d 679, 681 (8th Cir. 1997). With respect to diversity of citizenship jurisdiction, 28 U.S.C. § 1332 provides,

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).   Diversity jurisdiction is available only when the adverse parties to the litigation satisfy the "complete diversity" requirement, meaning that no plaintiff can be a citizen of the same state as any defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

### III.   LEGAL ANALYSIS

The issue is whether the Plaintiffs' complaint should be dismissed for lack of subject-matter jurisdiction.  There are two types of federal subject-matter jurisdiction – federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§1331-1332.  Under 28 U.S.C. § 1331, which pertains to federal question jurisdiction, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   As the Plaintiffs' Complaint alleges only state law title claims and does not allege claims arising under federal law, there is no federal question jurisdiction.

Under 28 U.S.C. § 1332, which pertains to diversity jurisdiction, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  There can be no diversity jurisdiction here because the parties to the litigation are not completely diverse.  Plaintiffs reside in Minnetonka, Minnesota, and Defendants Coburn and Brettingen live in Long Lake, Minnesota.  Further, the presence of Defendant Gallop Solutions, Inc., a Wisconsin corporation, is irrelevant because the fact remains that at least one plaintiff and one defendant are residents of the same state – Minnesota.   Plaintiffs have not

established jurisdiction under either federal question or diversity jurisdiction, and the Complaint must therefore be dismissed for lack of subject-matter jurisdiction.

## IV.     RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment [#6] be **DENIED** and Defendants' Motion to Dismiss [#11] be **GRANTED**.


DATED: May 21, 2009                                  s/ *Franklin L. Noel*
                                                                                             FRANKLIN L. NOEL
                                                                                             United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 10, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 10, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.