# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MAHMOUD M. SOLTAN and<br>SIRI L. SOLTAN,<br><br>Plaintiffs,<br><br>v.<br><br>KATHRYN A. COBURN;<br>MAC G. BRETTINGEN;<br>GALLOP SOLUTIONS, INC., a<br>Wisconsin Corporation; JOHN DOE,<br>MARY ROE; AND ABC<br>CORPORATION,<br><br>Defendants. | Civil No. 09-478 (JRT/FLN)<br><br><br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

Mahmoud M. Soltan and Siri L. Soltan, 9650 Waterstone Place, #314B, Minnetonka, MN 55305, plaintiffs *pro se*.

Steven R. Little, **COLEMAN HULL & VAN VLIET, PLLP**, 8500 Normandale Lake Boulevard, Suite 2110, Minneapolis, MN 55437, for defendants Coburn and Brettingen.

This case is before the Court on plaintiffs Mahmoud Soltan and Siri Soltan's objections to a Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel on May 22, 2009. After a *de novo* review of the Soltans' objections to the recommendation of the Magistrate Judge, *see* 28 U.S.C. § 636(b); Local Rule 72.2(b), the Court overrules the Soltans' objections and adopts the Report and Recommendation for the reasons set forth below.

## BACKGROUND

The Soltans filed this *pro se* action on February 26, 2009, alleging that defendants Kathryn Coburn and Mac Brettingen are unlawfully occupying property to which the Soltans have legal title. (Compl., Docket No. 1, ¶¶ 1-5.) The Soltans allege that Coburn and Brettingen were sold the property by defendant Gallop Solutions, Inc. ("Gallop"), a Wisconsin corporation, which allegedly purchased the property from J.B.I. & Associates ("J.B.I."), a Minnesota corporation. (*Id.*, ¶ 4.) The Soltans summarily contend that J.B.I. did not have valid title to the disputed property. The Soltans allege that this Court has federal subject matter jurisdiction over this dispute under both federal question jurisdiction and diversity jurisdiction.

Following a motion for summary judgment by the Soltans and a motion to dismiss by defendants, the Magistrate Judge recommended dismissing this case for lack of federal subject matter jurisdiction. As to federal question jurisdiction, the Magistrate Judge explained that the complaint simply alleges state law title claims. *See* 28 U.S.C. § 1331 (explaining that federal question jurisdiction exists where an action arises "under the Constitution, laws, or treaties of the United States"). As to diversity jurisdiction, the Magistrate Judge explained that the complaint alleges that the Soltans, Coburn, and Brettingen are all residents of Minnesota. *See* 28 U.S.C. § 1332(a)(1) (providing that diversity jurisdiction exists where the parties are citizens of different states); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (explaining that under § 1332(a)(1), every defendant must have a different state of citizenship than every plaintiff). The Soltans now object to the Magistrate Judge's recommendation, arguing

that federal question jurisdiction exists in this case because defendants' possession of the disputed property violates the Soltans' rights under the Fourth Amendment of the United States Constitution.

## ANALYSIS

I.     **FEDERAL QUESTION JURISDICTION**

A case arises under federal law, establishing federal question jurisdiction, only where "a plaintiff's well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Berger Levee Dist. v. United States*, 128 F.3d 679, 681 (8th Cir. 1997) (internal quotation marks omitted). "The Supreme Court has indicated that a case may arise under federal law where the vindication of a right under state law necessarily turns on some construction of federal law." *Id.* (internal quotation marks omitted).

Here, as explained by the Magistrate Judge, the Soltans' complaint merely includes allegations about who holds valid legal title to the disputed property. Nothing in those allegations implicates federal law, and the Magistrate Judge appropriately determined that the complaint fails to establish federal question jurisdiction. The Soltans' invocation of the Fourth Amendment does not eliminate this obstacle. The Fourth Amendment does not apply to the actions of private individuals, "so long as the private party is not acting as an agent of the Government or with the participation or knowledge of any governmental officer." *United States v. Miller*, 152 F.3d 813, 815 (8th

Cir. 1998) (internal quotation marks omitted). The Soltans' complaint does not name any government official or agency as a defendant, does not suggest that any government official or agency was in any way involved in the facts giving rise to this dispute, and does not otherwise link their allegations to any government action. Accordingly, the Fourth Amendment does not provide a basis for federal question jurisdiction in this matter. Thus, the Court overrules the Soltans' objections and adopts the Report and Recommendation of the Magistrate Judge. Should the Soltans wish to continue to pursue this matter, they should file a new action in Minnesota state court.

# ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** the plaintiffs' objections [Docket No. 32] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated May 22, 2009 [Docket No. 29]. Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Summary Judgment [Docket No. 6] is **DENIED**.

2. Defendants Coburn and Brettingen's Motion to Dismiss [Docket No. 11] is **GRANTED**.

3. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 23, 2009　　　　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge